UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANIBAL MARTINEZ VERGANZA,

    Petitioner,

v.

KRISTI NOEM,
*in her official capacity as Secretary of Homeland Security*,
PAMELA JO BONDI,
*in her official capacity as Attorney General of the United States*, and
VERNON LIGGINS,
*in his official capacity as Field Office Director, Baltimore, Maryland Field Office, Immigration and Customs Enforcement and as the Warden for the Baltimore Hold Room*,

    Respondents.

Civil Action No. 26-0242-TDC

## ORDER

Petitioner Anibal Martinez Verganza, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the factual and legal issues presented in this Petition do not differ in any material fashion from those previously presented to this Court in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026). The parties further state that the Court should incorporate Respondents' filings in those cases into the record of this proceeding in lieu of further briefing. The Court will do so.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Petitioner's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). The Court incorporates by reference its analysis of these same arguments in *Maldonado*, *Villanueva Funes*, and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). *See Maldonado*, 2025 WL 2968042, at *3–4; *Villanueva Funes*, 2026 WL 92860, at *2–4; *Santamaria Orellana*, 2025 WL 2841886 at *6–7.

As for the issue of whether Martinez Verganza is unlawfully subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), and whether such detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violates due process, this Court concludes, as it did in *Maldonado*, that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *See Maldonado*, 2025 WL 2968042, at *5–10. The Court incorporates by reference its detailed analysis of this issue in *Maldonado*.

Here, Martinez Verganza's Petition presents a nearly identical factual situation to that at issue in *Maldonado* in that Martinez Verganza has been present in the United States for many years, and there is no basis to conclude that he is subject to mandatory detention based on criminal history, has attempted to acquire legal entry or status, or was actively doing so at the time of his detention. Accordingly, for the same reasons discussed in *Maldonado*, the Court concludes that Martinez Verganza is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his

current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Martinez Verganza without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10.

For the foregoing reasons, it is hereby ORDERED that Martinez Verganza's Amended Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Martinez Verganza's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Martinez Verganza pursuant to 8 U.S.C. § 1225(b)(2).

2. Martinez Verganza is entitled to, and shall seek, a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a), shall occur within **10 days** of the date of this Order, and shall be held at an Immigration Court at which Martinez Verganza can be represented by his present counsel.

4. If Martinez Verganza is not provided with a bond hearing before an immigration judge within **10 days** of the date of this Order, Respondents shall release Martinez Verganza from custody.

5. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Martinez Verganza has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: January **22**, 2026

THEODORE D. CHUANG
United States District Judge

3